Honorable Charles D. Houston County Attorney P. O. Box 83 Bellville, Texas 77418
Re: Nepotism: Whether commissioners court may amend salary provision of city-county contract where commissioner's daughter is employed by city pursuant to contract.
Dear Mr. Houston:
You inform us that Austin County has entered into a contract with the City of Wallis, whereby the city agreed to operate the county-owned ambulance, and the county agreed to reimburse the city for all costs of operation. Under the contract, the city is to provide an ambulance supervisor at a stated salary. The city hired the daughter of an Austin County commissioner as ambulance supervisor without any vote or other action by the commissioners court. Due to the fact that another employee of the ambulance service has received a raise, the ambulance supervisor has also requested a raise. The Austin County Commissioners Court has refused to pass an order modifying the contract as to salary, believing that to do so would violate the nepotism statute, article 5996a, V.T.C.S. You ask whether, on the facts you have provided, the action of the commissioners court to amend the agreement and reimburse the city for additional salary would violate the nepotism law.
Article 5996a, V.T.C.S., provides in part:
 No officer of this State nor any officer of any district, county . . . nor any officer or member of any State district, county, city, school district or other municipal board . . . shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds . . . .
In cases where the commissioners court authorizes a position but has no control over the person to be selected, we have said that article 5996a, V.T.C.S., is not violated by the appointment of a commissioner's relative to that position. See Attorney General Opinion H-697 (1975); Letter Advisory No. 79 (1974). Under its contract with the city, Austin County has no right to control the employment of the ambulance supervisor. Although the commissioners court sets the salary by approving the contract provision, it cannot require that the salary be paid to a particular person. Therefore, we do not believe the court's action in amending the salary provision will constitute the appointment of the commissioner's daughter or a confirmation of her appointment. Thus, their action will not violate the nepotism law, barring trading or other subterfuge designed to avoid its operation. See V.T.C.S. art. 5996c; Attorney General Opinions O-3718 (1941), O-2010 (1940), O-369 (1939).
 SUMMARY
The commissioners court of Austin County and amend the salary provision of its contract with the City of Wallis, even though the amendment will raise the salary of a commissioner's daughter employed by the city. Since the county cannot control the selection of employees by the city under the contract, the court's action does not violate the nepotism statute, article 5996a, V.T.C.S.
Very truly yours,
John L. Hill Attorney General of Texas
APPROVED:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee